

FILED
CLERK, U.S. DISTRICT COURT

FEB -5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
NOV 2 9 2007

1  RONALD J. TENPAS
   Acting Assistant Attorney General
2  Environment & Natural Resources Division
   United States Department of Justice
3
   ELISE S. FELDMAN
4  Environmental Enforcement Section
   Environment & Natural Resources Division
5  United States Department of Justice
   301 Howard Street, Suite 1050
6  San Francisco, CA 94105
   Telephone:  (415) 744-6470
7  Facsimile:   (415) 744-6476
   E-mail: Elise.Feldman@usdoj.gov
8
   ELIZABETH F. KROOP
9  Environmental Enforcement Section
   Environment & Natural Resources Division
10 United States Department of Justice
   P.O. Box 7611
11 Ben Franklin Station
   Washington, DC 20044
12 Telephone: (202) 514-5244
   Facsimile: (202) 514-2583
13 E-mail: Elizabeth.Kroop@usdoj.gov

14 THOMAS P. O'BRIEN
   United States Attorney
15 Central District of California
   1200 U.S. Courthouse
16 312 North Spring Street
   Los Angeles, California 90012
17 Telephone: (213) 894-2434
   Facsimile:   (213) 894-0141
18
   Attorneys for Plaintiff United States of America
19
20 Additional Counsel Listed Below

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

21                   CV07-07812 ABC FMO (MANx)

22              IN THE UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
23                      WESTERN DIVISION

24                        AMENDED

25

26

27

28

UNITED STATES OF AMERICA  and
THE STATE OF CALIFORNIA,

        Plaintiffs,

      v.

CREFTCON INDUSTRIES;
ENVIRONMENTAL LIGHTING FOR
ARCHITECTURE, INC.; E.W. SMITH
CHEMICAL COMPANY; EXIDE
TECHNOLOGIES, INC. (GNB
BATTERIES, INC.); GREAT LAKES
CHEMICAL CORPORATION
(successor to  HYDROTECH
CHEMICAL CORP.); THATCHER
COMPANY OF CALIFORNIA (f/k/a
COMMERCE CHEMICAL
COMPANY); LAWRENCE  S. GRAY,
Sr. TRUST UDT 71180; LAWRENCE
S. GRAY, Jr. SEPARATE PROPERTY
TRUST; MACKLANBURG-DUNCAN
COMPANY OF CALIFORNIA, INC.;
PNEUMO ABEX LLC (successor to
JENSEN KELLY CORPORATION);
OLTMANS CONSTRUCTION CO.;
OLTMANS INVESTMENT
COMPANY LLC; MOLONEY
INVESTMENT CO.; THE HANNAH
CO.; THE RAMSER FAMILY TRUST,
DATED SEPTEMBER 18, 1989; THE
PHILIP S. RAMSER FAMILY
TRUST, DATED JUNE 29, 1989;
TEXTRON, INC.; TRIO METAL
STAMPING, INC; TROPICANA
PRODUCTS, INC.; YORT, INC. (f/k/a
TROY LIGHTING, INC., successor to
TRAKLITING, INC.) and JJI
LIGHTING GROUP, INC.,

        Defendants.

Civil Action No. _____

CONSENT DECREE

EDMUND G. BROWN JR.
Attorney General of the State of California
JANET GAARD
Acting Chief Assistant Attorney General
THEODORA BERGER
Senior Assistant Attorney General
DONALD A. ROBINSON
Supervising Deputy Attorney General

ANN RUSHTON
California Bar # 62597
Deputy Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, California 90013
Tel:  (213) 897-2608
Fax:  (213) 897-2802
ann.rushton@doj.ca.gov

Attorneys for the California
Department of Toxic Substances Control


CONNIE M. BRYAN
Oklahoma Bar # 013664
Rubenstein, Bryan, McCormick, & Pitts, PLLC
1503 S.E. 19th Street
Edmond, OK 73013
Telephone: (405) 340-1900, ext. 212
Telecopier: (405) 340-1001
cbryan@oklawpartners.com

Attorney for Macklanburg-Duncan Company of California, Inc.


MICHELE CORASH
California Bar # 103653
NANCY HAYES
California Bar # 107922
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Telecopier: (415) 268-7522
mcorash@mofo.com

PETER HSIAO
California Bar # 119881
MAX SLOVES
Calfornia Bar # 217676
Morrison & Foerster LLP
555 W. Fifth Street, Suite 3500
Los Angeles, CA 90017
Telephone: (213) 892-5200
Telecopier: (213) 892-5454
phsiao@mofo.com

Attorneys for Exide Technologies, Inc.


MATTHEW A. SOKOL, ESQ.
Counsel
Great Lakes Chemical Corporation
199 Benson Road
Middlebury, CT 06749
Telephone:  (203) 573-2017
Telecopier:  (203) 573-3118

Attorney for Great Lakes Chemical Corporation
(successor in interest to Hydrotech Chemical Corporation)


MICHAEL A. FRANCIS
California Bar # 128216
Demetriou, Del Guercio, Springer & Francis, LLP
801 South Grand Avenue 10th Floor
Los Angeles, CA 90017
Telephone: 213-624-8407
Telecopier: 213-624-0174
mfrancis@ddsffirm.com

Attorney for Creftcon Industries


TOM LARSON
Minnesota Bar # 60902
Briggs and Morgan, Professional Association
2200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: 612-977-8400
Telecopier: 612-977-8650
tlarson@briggs.com.

Attorney for Pneumo Abex LLC
(successor in interest to Jensen-Kelly Corporation)

1   LARS S. JOHNSON
    Illinois Bar #: 6211238
2   Tropicana Products, Inc.
    c/o Pepsico Foods and Beverages
3   555 West Monroe Street Mail Code 11-12
    Chicago, Illinois 60661
4   Telephone: 312-821-2407
    Telecopier: 312-821-1316
5   lars_johnson@quakeroats.com

6   Attorney for Tropicana Products Inc.

7

8   TODD O. MAIDEN
    California Bar # 123524
9   Reed Smith LLP
    Two Embarcadero Center Suite 2000
    Suite 2000
10  San Francisco, CA 94111
    Telephone: (415) 659-5918
11  Telecopier: (415) 391-8269

12  Attorney for Trio Metal Stamping, Inc.
    Environmental Lighting for Architecture, Inc.,
13  E.W. Smith Chemical Company

14

15  CHARLES W. PARRET
    California State Bar No. is #77696
    King, Parret & Droste
16  450 Newport Center Drive, Suite 500
    Newport Beach, CA  92660
17  Telephone:  949-644-3400
    Telecopier:  949-644-3993
18
    Attorney for Oltmans Interests (Oltmans Construction Co., Oltmans Investment
19  Company LLC, Moloney Investment Co., and  The Hannah Co.)

20
    The Ramser Family Trust, Dated September 18, 1989
21  Harold C.Ramser Jr. and Amalia F. Ramser, Co-Trustees
    39100 Avenida La Cresta
22  Murrieta, CA 92562
    Telephone: 951-677-3978
23  Telecopier: 951-698-5437
    ramserh@earthlink.net
24
    The Philip S. Ramser Family Trust, Dated June 29, 1989
25  Philip Ramser Sr. and Patricia M. Ramser, Co-Trustees
    1529 Lincoln Lane
26  Newport Beach, CA 92661
    Telephone: (H) 949-642-8808; (O) 949-475-4007
27  Telecopier: (O) 949-475-4009
    tramser@aol.com
28
    Pro Se for Ramser Properties

1  G. CHRISTIAN ROUX
   California Bar # 102272
2  Weston, Benshoof, Rochefort, Rubalcava & MacCuish
   333 Hope Street 16th Floor
3  Los Angeles, CA 90071
   Telephone: 213-576-1103
4  Telecopier: 213-576-1100
   croux@wbcounsel.com
5
   Attorney for Gray Trust Interests
6  (Lawrence S. Gray, Sr. Trust UDT 71180 and
   Lawrence S. Gray, Jr. Separate Property Trust)
7
8  JAMIESON SCHIFF
   Rhode Island Bar # 4719
9  Textron Inc.
   40 Westminster Street 15th Floor
10 Providence, RI 02903
   Telephone: 401-457-2422
11 Telecopier: 401-457-2460
   jschiff@textron.com
12
   Attorney for Textron Inc.
13
14 LARRY THATCHER
   Thatcher Company of California
15 (f/k/a Commerce Chemical Company)
   1905 Fortune Road
16 PO Box 27407
   Salt Lake City, UTAH 84127
17 Telephone: 801-972-4587  Ext. 1440
   Telecopier: 801-972-4606
18 lthatcher@thatchercompany.com
19 Pro Se for Thatcher Company of California (f/k/a Commerce Chemical Company)
20
   JOHN R. ZEBROWSKI
21 California Bar # 118443
   Greenberg Traurig, LLP
22 2450 Colorado Avenue. Suite 400E
   Santa Monica, CA 90404
23 Telephone: (310) 586-7949
   Telecopier: (310) 586-0249
24 zebrowskij@gtlaw.com
25 Attorney for Yort, Inc. (f/k/a Troy Lighting, Inc., successor to Trakliting, Inc.) and
   JJI Lighting Group, Inc.
26
27
   Attorneys and Pro Se for Defendants
28

# TABLE OF CONTENTS

Page

I.     BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

II.    JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

III.   PARTIES BOUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

IV.    DEFINITIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

V.     REIMBURSEMENT OF RESPONSE COSTS  . . . . . . . . . . . . . . . . . . . .  7

VI.    FAILURE TO COMPLY WITH REQUIREMENTS . . . . . . . . . . . . . . . . . 10

VII.   COVENANT NOT TO SUE BY PLAINTIFFS  . . . . . . . . . . . . . . . . . . . .13

VIII.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS  . . . . . . . . 14

IX.    EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION  . . . . . 15

X.     SITE ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

XI.    ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XII.   RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XIII.  NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

XIV.   RETENTION OF JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XV.    INTEGRATION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . 21

XVII.  EFFECTIVE DATE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XVIII. SIGNATORIES/SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XIX.   FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# I.  BACKGROUND

A.   The United States of America ("United States"), on behalf of the
Administrator of the United States Environmental Protection Agency ("EPA"), and
the State of California Department of Toxic Substances Control ("DTSC"), have
filed a complaint in this matter pursuant to Sections 106 and 107 of the
Comprehensive Environmental Response, Compensation, and Liability Act
("CERCLA"), 42 U.S.C. §§ 9606 and 9607, and Section 7003 of the Resource
Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973, seeking performance
of response actions and reimbursement of response costs incurred and to be
incurred for response actions taken at or in connection with the release or
threatened release of hazardous substances at the Puente Valley Operable Unit
("PVOU") of the San Gabriel Valley Superfund Site, Area 4, Los Angeles County,
California (the "Site").

B.  This Consent Decree provides for the reimbursement of a portion of the
United States' Past  Response Costs and a portion of the State DTSC's Past
Response Costs at this Site by the following corporate entities: Creftcon Industries;
Environmental Lighting for Architecture, Inc.;  E.W. Smith Chemical Company;
Exide Technologies, Inc. (GNB Batteries, Inc., ); Great Lakes Chemical
Corporation (successor to Hydrotech Chemical Corp.); Thatcher Company of
California (f/k/a Commerce Chemical Company); Gray Trust Interests (Lawrence
S. Gray, Sr. Trust UDT 71180 and Lawrence S. Gray, Jr. Separate Property Trust);
Macklanburg-Duncan Company Of California, Inc.; Pneumo Abex LLC (successor
to Jensen Kelly Corporation); Oltmans Interests (Oltmans Construction Co.,
Oltmans Investment Company LLC, Moloney Investment Co., and  The Hannah
Co.); Ramser Properties (The Ramser Family Trust, Dated September 18, 1989 and
The Philip S. Ramser Family Trust, Dated June 29, 1989); Textron, Inc.; Trio Metal
Stamping, Inc.; Tropicana Products Inc.; Yort, Inc. (f/k/a Troy Lighting, Inc.,
successor to Trakliting, Inc.) and JJI Lighting Group, Inc.

1    C. By entering into this Consent Decree, Settling Defendants do not
2    ~~admit liability to or arising out of the transactions or occurrences alleged in the~~
3    Complaint or to any other person related to the Site.
4    D. The United States, the State DTSC, and Settling Defendants agree,
5    and this Court by entering this Consent Decree finds, that this Consent Decree has
6    been negotiated by the Parties in good faith, that settlement of this matter will
7    avoid prolonged and complicated litigation between the Parties, and that this
8    Consent Decree is fair, reasonable, and in the public interest.
9    THEREFORE, with the consent of the Parties to this Decree, it is
10   ORDERED, ADJUDGED, AND DECREED:

## II.   JURISDICTION

12   1.    This Court has jurisdiction over the subject matter of this action
13   pursuant to 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 6973, 9606, 9607, and
14   9613(b), and also has personal jurisdiction over Settling Defendants.  Settling
15   Defendants consent to and shall not challenge entry of this Consent Decree or this
16   Court's jurisdiction to enter and enforce this Consent Decree.

## III.   PARTIES BOUND

18   2.    This Consent Decree is binding upon the United States, the State
19   DTSC, and upon Settling Defendants and their beneficiaries, heirs, successors, and
20   assigns.  Any change in ownership or corporate or other legal status, including but
21   not limited to, any transfer of assets or real or personal property, shall in no way
22   alter the status or responsibilities of Settling Defendants under this Consent
23   Decree.

## IV.   DEFINITIONS

25   3.    Unless otherwise expressly provided herein, terms used in this
26   Consent Decree which are defined in CERCLA or in regulations promulgated
27   under CERCLA shall have the meaning assigned to them in CERCLA or in such
28   regulations.  Whenever the terms listed below are used in this Consent Decree, the

1  following definitions shall apply:

2                    a.      "Basin-wide Response Costs" shall mean costs, including but

3  not limited to direct and indirect costs, including accrued Interest, that the United

4  States has paid for basin-wide (non-operable unit) response actions in connection

5  with the San Gabriel Valley Superfund Sites, Areas 1- 4.

6                    b.      "CERCLA" shall mean the Comprehensive Environmental

7  Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C.

8  § 9601, et seq.

9                    c.      "Consent Decree" shall mean this Consent Decree.

10                    d.      "Day" shall mean a calendar day.  In computing any period of

11  time under this Consent Decree, where the last day falls on a Saturday, Sunday, or

12  federal holiday, the period shall run until the close of business of the next working

13  day.

14                    e.      "DOJ" shall mean the United States Department of Justice and

15  any successor departments, agencies, or instrumentalities of the United States.

16                    f.      "DTSC" shall mean the State of California Department of Toxic

17  Substances Control  and any successor departments or agencies.

18                    g.      "Effective Date" shall mean the date of entry of this Consent

19  Decree.

20                    h.      "EPA" shall mean the United States Environmental Protection

21  Agency and any successor departments, agencies, or instrumentalities of the United

22  States.

23                    i.      "EPA Hazardous Substance Superfund" shall mean the

24  Hazardous Substance Superfund established by the Internal Revenue Code,

25  26 U.S.C. § 9507.

26                    j.      "ESD" shall mean the Explanation of Significant Differences

27  issued by EPA on June 14, 2005 for the Record of Decision.

28                    k.      "Facility" shall mean the Site.

- 4 -

1  l.  "Future DTSC Response Costs" shall mean all costs, including

2  ~~but not limited to Oversight Costs, direct and indirect costs, and Basin-wide~~

3  Response Costs allocated to the Site, including Interest, that the State DTSC pays

4  or incurs for the Response Work at the Site after the date of entry of this Consent

5  Decree.

6  m.  "Future Response Costs" shall mean all costs, including but

7  not limited to Oversight Costs, direct and indirect costs, and Basin-wide Response

8  Costs allocated to the Site, including Interest, that the United States or any third

9  party pays or incurs for the Response Work at the Site after the date of entry of this

10  Consent Decree.

11  n.  "Interest" shall mean interest at the applicable rate specified for

12  interest on investments of the Hazardous Substance Superfund established by

13  26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance

14  with 42 U.S.C. § 9607(a).

15  o.  "Oversight Costs" shall mean all direct and indirect costs,

16  including Interest, that the United States or the DTSC incurs in connection with

17  monitoring and supervising performance of the Response Work by other persons.

18  p.  "Owner Settling Defendant" shall mean each of the following

19  Settling Defendants that owns and/or controls access to any property located within

20  the Site: Creftcon Industries; Exide Technologies, Inc. (GNB Batteries, Inc.); Gray

21  Trust Interests (Lawrence S. Gray, Sr. Trust UDT 71180 and Lawrence S. Gray, Jr.

22  Separate Property Trust); Oltmans Interests (Oltmans Construction Co., Oltmans

23  Investment Company LLC, Moloney Investment Co., and  The Hannah Co.);

24  Thatcher Company of California (f/k/a Commerce Chemical Company); and

25  Tropicana Products, Inc.

26  q.  "Paragraph" shall mean a portion of this Consent Decree

27  identified by an Arabic numeral or an upper or lower case letter.

28  r.  "Parties" shall mean the United States, the State DTSC and the

- 5 -

1  Settling Defendants.

2  ~~s.      "Past DTSC Response Costs" shall mean all costs, including but~~
3  not limited to Oversight Costs, direct and indirect costs, and Basin-wide Response
4  Costs allocated to the Site, including Interest, that the State DTSC has paid or
5  incurred at the Site through and including the date of entry of this Consent Decree.

6          t.      "Past Response Costs" shall mean all costs, including but not
7  limited to Oversight Costs, direct and indirect costs, and Basin-wide Response
8  Costs allocated to the Site, including Interest, that the United States or any third
9  party has paid or incurred at the Site through and including the date of entry of this
10  Consent Decree.

11          u.      "Plaintiffs" shall mean the United States and the State of
12  California Department of Toxic Substances Control.

13          v.      "Record of Decision" or "ROD" shall mean the September 30,
14  1998 EPA Interim Record of Decision for the Puente Valley Operable Unit (Area
15  4) of the San Gabriel Valley Superfund Sites, Areas 1-4.

16          w.      "Response Work" shall mean the design and implementation of
17  any remedial measures, including the operation and maintenance thereof,
18  encompassed within the Record of Decision as modified by the ESD.

19          x.      "Section" shall mean a portion of this Consent Decree identified
20  by a Roman numeral.

21          y.      "Settling Defendants" shall mean Creftcon Industries;
22  Environmental Lighting for Architecture, Inc.; E.W. Smith Chemical Company;
23  Exide Technologies, Inc. (GNB Batteries, Inc.); Great Lakes Chemical Corporation
24  (successor to Hydrotech Chemical Corp.); Thatcher Company of California (f/k/a
25  Commerce Chemical Company); Gray Trust Interests (Lawrence S. Gray, Sr. Trust
26  UDT 71180 and Lawrence S. Gray, Jr. Separate Property Trust); Macklanburg-
27  Duncan Company Of California, Inc.; Oltmans Interests (Oltmans Construction
28  Co., Oltmans Investment Company LLC, Moloney Investment Co., and  The

1  Hannah Co.); Pneumo Abex LLC (successor to Jensen Kelly Corporation); Ramser
2  Properties (The Ramser Family Trust, Dated September 18, 1989 and The Philip S.
3  Ramser Family Trust, Dated June 29, 1989); Textron, Inc.; Trio Metal Stamping,
4  Inc.; Tropicana Products Inc.; Yort, Inc. (f/k/a Troy Lighting, Inc., successor to
5  Trakliting, Inc.) and JJI Lighting Group, Inc.  In addition, the term shall include:
6  (i) where the Settling Defendant is a corporate entity, its corporate successors; (ii)
7  where the Settling Defendant is a partnership, its partners; (iii) where the Settling
8  Defendant is an individual, that individual's heirs and beneficiaries, but only to the
9  extent that such person or entity within these three categories has no independent
10 liability for the Site other than liability derived from that person's or entity's
11 relationship to or affiliation with the Settling Defendant.

12        z.    "Site" shall mean the facility, which consists of an area of
13 groundwater contamination in Los Angeles County, California, located in the
14 geographic area designated on the National Priorities List as the San Gabriel Valley
15 Superfund Site, Area 4 [see 49 Fed. Reg. 19480 (1984)], and identified as the
16 Puente Valley Operable Unit.

17        aa.   "State" shall mean the State of California.

18        bb.   "United States" shall mean the United States of America,
19 including its departments, agencies and instrumentalities.

20              V.   REIMBURSEMENT OF RESPONSE COSTS

21      4.    Payment to the EPA Hazardous Substance Superfund and to the State
22 DTSC.  Settling Defendants shall pay to the EPA Hazardous Substance Superfund
23 the amount of one million and seven hundred fifty thousand dollars ($1,750,000) in
24 reimbursement of Past Response Costs and pay to the State DTSC twelve thousand
25 dollars ($12,000) in reimbursement of Past DTSC Response Costs.  Payment shall
26 be made as follows:

27        a.    Prior to execution of this Consent Decree, Settling Defendants
28 shall deposit the amount of one million six hundred and fifty-four thousand, three

1  hundred and twelve dollars ($1,654,312) into an interest-bearing escrow account in

2  ~~a bank or other financial institution acceptable to the United States and meeting the~~

3  requirements set forth in Paragraph 4.b. Settling Defendants shall notify the United

4  States of such deposit by forwarding to the DOJ by overnight mail and facsimile

5  transmission, a bank statement demonstrating that the amount of one million six

6  hundred and fifty-four thousand, three hundred and twelve dollars ($1,654,312)

7  had been so deposited. Notice also shall be forwarded to the DOJ in accordance

8  with Paragraph 29, Section XIII (Notices and Submissions), referencing this

9  Consent Decree and DOJ Case Number 90-11-2-354/20.

10        b.    The escrow account and the escrow agent shall be subject to

11  prior approval by the United States. The escrow agreement shall provide that the

12  escrow agent submit to the jurisdiction and venue of this Court. Settling

13  Defendants shall pay all costs, fees, taxes, and charges of the escrow account and

14  these amounts shall not be deducted from monies required to be paid to the United

15  States under this Consent Decree, including the interest on the monies in the

16  escrow account. Settling Defendants shall bear all risk of loss from the escrow

17  account. All funds paid into the escrow account and any interest earned in the

18  account shall remain in escrow and may not be withdrawn by any person, except

19  for the purpose of making payment to the United States or to the State DTSC as

20  required by this Consent Decree, unless Plaintiff United States withdraws its

21  consent to entry of this Consent Decree or the Court declines to enter it, in which

22  case all sums in the escrow account shall be returned to Settling Defendants.

23        c.    Settling Defendants shall, through the escrow agent and within

24  ten (10) working days after entry of this Consent Decree, remit the principal of the

25  escrowed monies of $1,642,312, together with any accrued interest thereon, to the

26  United States. Payment to the United States shall be made by FedWire Electronic

27  Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with

28  current EFT procedures, referencing the USAO File Number, EPA Region IX, the

- 8 -

1  Site/Spill ID Number 09-8V, and DOJ Case Number 90-11-2-354/20.  Payment

2  ~~shall be made in accordance with instructions provided to the Settling Defendants~~

3  by the Financial Litigation Unit of the United States Attorney's Office for the

4  Central District of California following lodging of the Consent Decree.  Any

5  payments received by the Department of Justice after 4:00 p.m. Eastern Time shall

6  be credited on the next business day.  Settling Defendants shall send notice to the

7  EPA and the DOJ that payment has been made in accordance with Section XIII

8  (Notices and Submissions) and to David Wood, Section Chief, (PMD-6), U.S.

9  EPA, Region IX, 75 Hawthorne Street, San Francisco, California 94105.

10          d.      The balance of one hundred and seven thousand six hundred

11  and eighty-eight dollars ($107,688) of the one million seven hundred and fifty

12  thousand dollar ($1,750,000) payment for Past Response Costs for the EPA

13  Hazardous Substance Superfund shall be paid to the United States by Settling

14  Defendant Environmental Lighting for Architecture in two installments as follows:

15  (1) a payment of fifty-three thousand eight hundred and forty-four dollars

16  ($53,844) plus accrued Interest on the outstanding balance from the Effective Date

17  through the date of payment, payable on or before the first anniversary of the date

18  of entry of this Consent Decree; and (2) a payment of fifty-three thousand eight

19  hundred and forty-four dollars ($53,844) plus accrued Interest on the outstanding

20  balance from the Effective Date through the date of payment, payable on or before

21  the second anniversary of the date of entry of this Consent Decree.   Payment to the

22  United States shall be made by FedWire Electronic Funds Transfer ("EFT") to the

23  U.S. Department of Justice in accordance with current EFT procedures, referencing

24  the USAO File Number, EPA Region IX, the Site/Spill ID Number 09-8V, and

25  DOJ Case Number 90-11-2-354/20.  Payment shall be made in accordance with

26  instructions provided to Settling Defendant Environmental Lighting for

27  Architecture by the Financial Litigation Unit of the United States Attorney's Office

28  for the Central District of California following lodging of the Consent Decree.

-9-

1   Any payments received by the Department of Justice after 4:00 p.m. Eastern Time

2   shall be credited on the next business day.  Settling Defendant Environmental

3   Lighting for Architecture shall send notice to the EPA and the DOJ that payment

4   has been made in accordance with Section XIII (Notices and Submissions) and to

5   David Wood, Section Chief, (PMD-6), U.S. EPA, Region IX, 75 Hawthorne Street,

6   San Francisco, California 94105.

7          e.     The one million seven hundred and fifty thousand dollars

8   ($1,750,000) paid by Settling Defendants to the United States shall be deposited in

9   the "San Gabriel Valley Superfund Sites, Area 4, Special Account" within the EPA

10  Hazardous Substance Superfund.  This Special Account shall be retained and used

11  to conduct or finance response actions at or in connection with the Site or the San

12  Gabriel Valley Superfund Sites (Areas 1- 4), or may be transferred by the EPA

13  from this Special Account to the EPA Hazardous Substance Superfund.

14         f. Settling Defendants shall, through the escrow agent and within ten

15  (10) working days after entry of this Consent Decree, remit the principal of the

16  escrowed  monies of $12,000, together with any accrued interest thereon, to the

17  State DTSC.  Payment to the State DTSC shall be made by certified check or

18  cashier's check, made payable to "Cashier of the Department of Toxic Substances

19  Control," Department of Toxic Substances Control, State of California, Accounting

20  Office, 1001 I Street, Sacramento, California 95812.  Settling Defendants shall

21  send a transmittal letter with the check, referencing the San Gabriel Superfund

22  Sites, Area 4 (Puente Valley Operable Unit), Project Code No. 300346.  Settling

23  Defendants also shall send notice, including a copy of the check and transmittal

24  letter, to the State DTSC as provided in Section XIII (Notices and Submissions).

25  **VI.   FAILURE TO COMPLY WITH REQUIREMENTS**

26      5.    Interest on Late Payments.  In the event that any payment required

27  under Section V (Reimbursement of Response Costs) or Section VI, Paragraph 6

28  (Stipulated Penalties) is not received when due, Interest shall continue to accrue on

- 10 -

1  the unpaid balance through the date of payment.  Settling Defendants shall be

2  jointly and severally liable for any such Interest pertaining to the payments required

3  under Section V, paragraphs 4. a. and b. (Reimbursement of Response Costs).

4  Settling Defendant Environmental Lighting for Architecture additionally shall be

5  liable for Interest on any payment which is not received as required under

6  Paragraph 4.d., Section V (Reimbursement of Response Costs), which Interest shall

7  accrue on the unpaid balance through the date of payment by Settling Defendant

8  Environmental Lighting for Architecture.

9        6.    <u>Stipulated Penalties</u>.

10            a.      Settling Defendants shall be jointly and severally liable for

11  stipulated penalties for late payments under Section V, paragraphs 4. a. and b.

12  (Reimbursement of Response Costs) and for the Interest on late payments for

13  Section V, paragraphs 4. a. and b. as required under Section VI, Paragraph 5.

14  Settling Defendant Environmental Lighting for Architecture shall be liable for

15  stipulated penalties for any late payment which is not received as required pursuant

16  to Paragraph 4.d., Section V (Reimbursement of Response Costs), in addition to the

17  Interest on late payments required under Paragraph 5.  The stipulated penalties

18  shall be in the following amounts per violation per day that any such payment is

19  late:

| <u>Penalty Per Violation Per Day</u> | <u>Period of Noncompliance</u> |
|---|---|
| $500 | 1st through 14th day |
| $1500 | 15th through 30th day |
| $2500 | 31st day and beyond |

24  Each of the payments required under Section V (Reimbursement of Response

25  Costs) shall be considered a separate violation for  purposes of calculating

26  stipulated penalties under this provision.

27            b.     Each Settling Defendant shall be liable for stipulated penalties

28  in the amount of $1500 per day per violation by that Settling Defendant of the

1  provisions contained in Sections XI (Access To Information), and XII (Retention

2  of Records).

3      7.    All Interest and penalties set forth under this Section shall begin to

4  accrue on the day a violation occurs, and shall continue to accrue through the final

5  day of the correction of the noncompliance.  Nothing herein shall prevent the

6  simultaneous accrual of separate penalties for separate violations of this Consent

7  Decree.

8      8.    Interest and stipulated penalties shall accrue as provided in Paragraphs

9  5 and 6, regardless of whether EPA or DTSC has notified Settling Defendants of

10  the violation or made a demand for payment, but need be paid only upon demand.

11      9.    Interest and stipulated penalties set forth under this Section shall be

12  due and payable within 30 days of the date of demand for payment by EPA.  All

13  payments to the United States under this Paragraph shall be made by certified or

14  cashier's check made payable to the "EPA Hazardous Substances Superfund," shall

15  be forwarded to the U.S. EPA, Region IX, Superfund Accounting, P.O. Box

16  360863M, Pittsburgh, PA 15251, shall indicate that payment is for Interest and/or

17  stipulated penalties, and shall reference EPA Region IX, the Site/Spill

18  Identification Numbers 09-8V, the USAO File Number, the DOJ Case Number 90-

19  11-2-354/20, and the name and address of the party(ies) making payment.  Copies

20  of check(s) paid pursuant to this Paragraph, and any accompanying transmittal

21  letter(s), shall be forwarded to the DOJ and the EPA as provided in Section XIII

22  (Notices and Submissions), and to David Wood, Section Chief, (PMD-6), U.S.

23  EPA, Region IX, 75 Hawthorne Street, San Francisco, California 94105.  Payment

24  to the State DTSC under this Paragraph shall be made by certified check or

25  cashier's check, made payable to "Cashier of the Department of Toxic Substances

26  Control," and shall be forwarded to the Department of Toxic Substances Control,

27  State of California, Accounting Office, 1001 I Street, Sacramento, California

28  95812.  Settling Defendants shall send a transmittal letter with the check,

1 referencing the San Gabriel Superfund Sites, Area 4 (Puente Valley Operable Unit),
2 Project Code No. 300346. Settling Defendants also shall send notice, including a
3 copy of the check and transmittal letter, to the State DTSC as provided in Section
4 XIII (Notices and Submissions).

5       10.    Notwithstanding any other provision of this Section, the United States
6 and/or the State DTSC may, in its unreviewable discretion, waive any portion of
7 Interest or stipulated penalties that have accrued pursuant to this Consent Decree.

8       11.    Payments made under Paragraphs 5 through 9 shall be in addition to
9 any other remedies or sanctions available to Plaintiffs by virtue of any Settling
10 Defendant's failure to comply with the requirements of this Consent Decree.

11       12.    If the United States and/or the State DTSC brings an action against
12 any Settling Defendant(s) to enforce this Consent Decree, such Settling
13 Defendant(s) shall reimburse the United States and/or the State DTSC for all costs
14 of such action, including but not limited to costs of attorney time.

15       **VII.   COVENANT NOT TO SUE BY PLAINTIFFS**

16       13.    <u>Covenant Not to Sue</u>.  Except as specifically provided in Paragraph 14
17 (Reservation of Rights), and except with regard to Settling Defendant Exide
18 Technologies, Inc. (GNB Batteries, Inc.),  Plaintiffs covenant not to sue or to take
19 administrative action against Settling Defendants for performance of Response
20 Work, Past Response Costs,  Future Response Costs,  Past DTSC Response Costs,
21 and Future DTSC Response Costs, pursuant to Section 7003 of RCRA, 42 U.S.C. §
22 6973, or Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a).
23 This covenant shall take effect upon receipt by Plaintiffs of the payments set forth
24 in Paragraph 4.  This covenant is conditioned upon Settling Defendants'
25 satisfactory performance of their obligations under this Consent Decree.   This
26 covenant extends only to Settling Defendants other than Settling Defendant Exide
27 Technologies, Inc. (GNB Batteries, Inc.) , and does not extend to any other person.
28 Settling Defendant Environmental Lighting for Architecture's covenant is further

1  conditioned upon its satisfactory performance of its obligations under Paragraph 4.

2  ~~d. of this Consent Decree.  Except as specifically provided in Paragraph 14~~

3  (Reservation of Rights), with regard to Settling Defendant Exide Technologies,

4  Inc. (GNB Batteries, Inc.), Plaintiffs covenant not to sue or to take administrative

5  action against Defendant Exide Technologies, Inc. (GNB Batteries, Inc. ) for

6  Future Response Costs and Future DTSC Response Costs, pursuant to Section

7  7003 of RCRA, 42 U.S.C. § 6973, or Sections 106 and 107(a) of CERCLA, 42

8  U.S.C. §§ 9606 and 9607(a) related to the GNB Battery facility located at 14500

9  Nelson Avenue, City of Industry, California, 91744.

10         14.    Reservation of Rights.  The covenant not to sue set forth in Paragraph

11 13 does not pertain to any matters other than those expressly specified therein. The

12 Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against

13 Settling Defendants with respect to other matters, including but not limited to:

14         a.    liability for failure by any Settling Defendant(s) to meet a

15 requirement of this Consent Decree;

16         b.    liability for damages for injury to, destruction of, or loss of

17 natural resources, and for the costs of any natural resource damage assessments;

18         c.    criminal liability; and

19         d.    liability for response actions and response costs incurred or to

20 be incurred by the United States and/or DTSC not covered as "matters addressed"

21 as set forth in Paragraph 18 of this Consent Decree, including liability for response

22 actions and response costs for any EPA Final Record of Decision issued pertaining

23 to the Site.

24 **VIII.   COVENANT NOT TO SUE BY SETTLING DEFENDANTS**

25         15.    Settling Defendants covenant not to sue and agree not to assert any

26 claims or causes of action against Plaintiffs or their contractors or employees with

27 respect to Response Work, Past Response Costs, Future Response Costs, Past

28 DTSC Response Costs, and  Future DTSC Response Costs, as set forth in this

1  Consent Decree, including but not limited to:

2          a.      any direct or indirect claims for reimbursement from the

3  Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or

4  113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other

5  provision of law;

6          b.      any claims arising out of costs or response actions at or in

7  connection with the Site, including any claim under the United States Constitution,

8  the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to

9  Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and

10         c.      any claims against the United States pursuant to Sections 107

11  and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, related to the Site.

12         Settling Defendants covenant not to sue each other for claims or

13  causes of action concerning Response Work, Past Response Costs, Future

14  Response Costs, Past DTSC Response Costs, and Future DTSC Response Costs,

15  as set forth in this Consent Decree. Remedial investigation and feasibility study

16  costs are included within those claims and actions about which Settling

17  Defendants' have covenanted not to sue each other.

18         16.     Nothing in this Consent Decree shall be deemed to constitute approval

19  or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42

20  U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

21  **IX.    EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

22         17.     Nothing in this Consent Decree shall be construed to create any rights

23  in, or grant any cause of action to, any person not a Party to this Consent Decree.

24  Each of the Parties expressly reserves any and all rights (including, but not limited

25  to, any right to contribution), defenses, claims, demands, and causes of action

26  which each Party may have with respect to any matter, transaction, or occurrence

27  relating in any way to the Site against any person not a Party hereto.

28         18.     The Parties agree that in consideration of the payment made by

- 15 -

1  Settling Defendants and the execution of this Consent Decree, with the exception
2  of Settling Defendant Exide (GNB Batteries, Inc.), Settling Defendants have
3  resolved their liability to Plaintiffs and are entitled to protection from contribution
4  actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. §
5  9613(f)(2), for "matters addressed" in this Consent Decree, conditioned only upon
6  entry of this Consent Decree.  Settling Defendant Environmental Lighting for
7  Architecture's protection from contribution actions or claims is further conditioned
8  upon its satisfactory performance of its obligations under Paragraph 4.d. of this
9  Consent Decree.  The "matters addressed" in this Consent Decree are:  Response
10  Work;  Past Response Costs;  Future Response Costs;  Past DTSC Response Costs;
11  and  Future DTSC Response Costs.  The "matters addressed" exclude those
12  response actions and response costs to which Plaintiffs have reserved their rights
13  under this Consent Decree.   Plaintiffs and Settling Defendant Exide Technologies,
14  Inc. (GNB Batteries, Inc.) agree that in consideration for payment made by Settling
15  Defendant Exide Technologies, Inc. (GNB Batteries, Inc.) and the execution of this
16  Consent Decree, Settling Defendant Exide Technologies, Inc. (GNB Batteries, Inc.)
17  is entitled to protection from contribution actions or claims as provided by Section
18  113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), only for the matters of Future
19  Response Costs and Future DTSC Response Costs related to the GNB Battery
20  facility located at 14500 Nelson Avenue, City of Industry, California, 91744
21  addressed in this Consent Decree.

22       19.    Each Settling Defendant agrees that, with respect to any suit or claim
23  for contribution brought by it for matters related to this Consent Decree, it will
24  notify the DOJ, the EPA, and the State DTSC in writing not later than sixty (60)
25  days prior to the initiation of such suit or claim.  Each Settling Defendant also
26  agrees that, with respect to any suit or claim for contribution brought against it for
27  matters related to this Consent Decree, it will notify the DOJ, EPA, and the State
28  DTSC in writing within ten (10) days of service of the complaint or claims upon it.

- 16 -

1   In addition, each Settling Defendant shall notify the DOJ, EPA, and the State

2   DTSC within ten (10) days of service or receipt of any motion for summary

3   judgment or any order from a court setting a case for trial, for matters related to this

4   Consent Decree.

5        20.    In any subsequent administrative or judicial proceeding initiated by

6   the United States or the State of California for injunctive relief, recovery of

7   response costs, or other relief relating to the Site, Settling Defendants shall not

8   assert, and may not maintain, any defense or claims based upon the principles of

9   waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other

10  defenses based upon any contention that the claims raised by the United States or

11  the State of California in the subsequent proceeding were or should have been

12  brought in the instant case; provided, however, that nothing in this Paragraph

13  affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in

14  Section VII.

15                 **X.  SITE ACCESS**

16       21.    Commencing upon the date of lodging of this Consent Decree, each

17  Owner Settling Defendant agrees to provide the United States and the State of

18  California and their representatives, including the EPA, the DTSC, and the Los

19  Angeles Regional Water Quality Control Board, and their contractors, access at all

20  reasonable times to the property within the Site owned or controlled by that Owner

21  Settling Defendant to which access is determined by the EPA or the State of

22  California to be required for the implementation of this Consent Decree, or for the

23  purpose of conducting any response activity related to the Site, including but not

24  limited to:

25          a.     Monitoring of investigation, removal, remedial or other

26  activities at the Site;

27          b.     Verifying any data or information submitted to the United States

28  or the State of California;

- 17 -

c.     Conducting investigations relating to contamination at or near the Site;

d.     Obtaining samples;

e.     Assessing the need for, planning, or implementing response actions at or near the Site; and

f.     Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendants or their agents, consistent with Section XI (Access to Information).

22.    Notwithstanding any provision of this Consent Decree, the United States and the State of California retain all of their access authorities and rights, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act, 42 U.S.C. § 6927, and any other applicable statutes or regulations.

## XI.   ACCESS TO INFORMATION

23.    Settling Defendants shall provide to Plaintiffs, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

24.    <u>Confidential Business Information and Privileged Documents</u>.

a.     Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by Plaintiffs will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of

confidentiality accompanies documents or information when they are submitted to the Plaintiffs, or if Plaintiffs have notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendants.

b.      Settling Defendants may assert that certain documents, records or other information are privileged under the attorney-client privilege, any other privilege recognized by federal law.  If Settling Defendants assert such a privilege in lieu of providing documents, they shall provide Plaintiff with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record or information; and 6) the privilege asserted.  However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with Plaintiffs shall be withheld on the grounds that they are privileged.  If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiffs in redacted form to mask the privileged information only.  Settling Defendants shall retain all records and documents that they claim to be privileged until Plaintiffs have had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

25.     No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XII.   RETENTION OF RECORDS

26.     Until ten (10) years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records and documents now in its

- 19 -

possession or control, or which come into its possession or control thereafter, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary. After five (5) years, each Settling Defendant may contact the EPA in writing to request instructions as to whether such records and documents shall be maintained for the remaining five (5) year retention period, or whether such records and documents may be discarded. No retained records or documents shall be disposed of prior to the ten year retention period, unless a Settling Defendant receives instructions from the EPA specifically permitting that Settling Defendant to dispose of such records and documents.27.

After the conclusion of the ten (10) year document retention period in the preceding Paragraph, Settling Defendants shall notify the EPA and the DOJ at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by the EPA or the DOJ, Settling Defendants shall deliver any such records or documents to EPA subject to the same privilege provisions set forth in Section XI (Access To Information).

28.    By signing this Consent Decree, each Settling Defendant certifies individually that, after thorough inquiry, to the best of its knowledge and belief, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and that it has fully complied with any and all EPA requests for information regarding the Site pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

### XIII.   NOTICES AND SUBMISSIONS

29.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be forwarded by one party to another, it

- 20 -

1   shall be directed to the individuals at the addresses specified below, unless those

2   individuals or their successors give notice of a change to the other Parties in

3   writing.  Written notice as specified herein shall constitute complete satisfaction of

4   any written notice requirement of the Consent Decree with respect to the United

5   States (the DOJ and the EPA), the State of California Department of Toxic

6   Substances Control, and Settling Defendants, respectively.

7   As to the United States:

8   As to DOJ:

9   Bruce S. Gelber
    Chief, Environmental Enforcement Section
10  Environment and Natural Resources Division
    U.S. Department of Justice (DJ # 90-11-2-354/20)
11  P.O. Box 7611
    Washington, D.C.  20044-7611

12
    Elise S. Feldman
13  Trial Attorney
    Environmental Enforcement Section
14  Environment & Natural Resources Division
    United States Department of Justice
15  301 Howard Street, Suite 1050
    San Francisco, CA 94105

16
    As to EPA:
17
    Dustin Minor (ORC-3)
18  Senior Counsel
    U.S. Environmental Protection Agency, Region IX
19  75 Hawthorne Street
    San Francisco, California  94105

20  As to the State of California Department of Toxic Substances Control:

21  Ann Rushton
    Deputy Attorney General, Environment Section
22  California Department of Justice
    300 South Spring Street
23  Los Angeles, California  90013

24

25  Jacalyn Spiszman
    Project Manager, Site Mitigation Branch
26  Department of Toxic Substances Control, Region 3
    5796 Corporate Avenue
27  Cypress, California  90630

28

- 21 -

1   As to Settling Defendants:

2   See Attorneys and Pro Se for Defendants, listed at the beginning of this document.

3        Any Settling Defendant may change the identity or contact information for

4   its agent at any time by written notice to the Court and to the United States.  Each

5   Settling Defendant hereby waives notice of any such changes submitted by other

6   Settling Defendants.

7              **XIV.   RETENTION OF JURISDICTION**

8        30.    This Court shall retain jurisdiction over this matter for the purpose of

9   interpreting and enforcing the terms of this Consent Decree.

10               **XV.   INTEGRATION**

11       31.    This Consent Decree constitutes the final, complete and exclusive

12  agreement and understanding among the Parties with respect to the settlement

13  embodied in this Consent Decree.  The Parties acknowledge that there are no

14  representations, agreements or understandings relating to the settlement other than

15  those expressly contained in this Consent Decree.

16     **XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

17       32.    This Consent Decree shall be lodged with the Court for a period of not

18  less than thirty (30) days for public notice and comment.  The United States

19  reserves the right to withdraw or withhold its consent if the comments regarding

20  the Consent Decree disclose facts or considerations which indicate that this

21  Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants

22  consent to the entry of this Consent Decree without further notice.

23       33.    If for any reason this Court should decline to approve this Consent

24  Decree in the form presented, this agreement is voidable at the sole discretion of

25  any party and the terms of the agreement may not be used as evidence in any

26  litigation between the Parties.

27               **XVII.   EFFECTIVE DATE**

28       34.    The Effective Date of this Consent Decree shall be the date upon

- 22 -

1  which it is entered by the Court.

2  ## XVIII.   SIGNATORIES/SERVICE

3  35.   Each undersigned representative of a Settling Defendant to this

4  Consent Decree, the Assistant Attorney General for the Environment and Natural

5  Resources Division of the United States Department of Justice, and the Deputy

6  Attorney General and Chief of Operations, Southern California Cleanup Operations

7  Branch Cypress Office, together, for the State of California, certifies that he or she

8  is authorized to enter into the terms and conditions of this Consent Decree and to

9  execute and bind legally such Party to this document.

10  36.   Each Settling Defendant hereby agrees not to oppose entry of this

11  Consent Decree by this Court or to challenge any provision of this Consent Decree,

12  unless the United States has notified Settling Defendants in writing that it no longer

13  supports entry of the Consent Decree.

14  37.   Each Settling Defendant shall identify, on the attached signature page,

15  the name and address of an agent who is authorized to accept service of process by

16  mail on behalf of that Party with respect to all matters arising under or relating to

17  this Consent Decree.  If no agent is specified, the attorneys and Pro Se for

18  Defendants listed at the beginning of this document shall be deemed to be the agent

19  authorized to accept service at the address listed.  Settling Defendants hereby agree

20  to accept service in that manner and to waive the formal service requirements set

21  forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local

22  rules of this Court, including but not limited to, service of a summons.

23  ## XIX.   FINAL JUDGMENT

24  38.   Upon approval and entry of this Consent Decree by this Court, this

25  Consent Decree shall constitute a final judgment between and among the United

26  States, the State of California DTSC, and Settling Defendants.  The Court finds that

27  there is no just reason for delay and therefore enters this judgment as the final

28  judgment under Fed. R. Civ. P. 54 and 58.

IT IS SO ORDERED

- 23 -

Dated 2/5/08

Andy B Colre

United States District Judge

1
2    SO ORDERED THIS _____ DAY OF _____, _____.
3
4
5                                          _____
6                                          United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 24 -

1   THE UNDERSIGNED PARTY enters into this Consent Decree, relating to

2   the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3   Valley Operable Unit.

4

5                              FOR THE UNITED STATES OF AMERICA

6

7

8   Dated: _22 October 2007_

9                              RONALD J. TENPAS
                               Acting Assistant Attorney General
10                             Environment & Natural Resources Division
                               United States Department of Justice

11

12

13  Dated: 23 October 2007

14                             ELISE S. FELDMAN
                               ELIZABETH F. KROOP
15                             Trial Attorneys
                               Environmental Enforcement Section
16                             Environment & Natural Resources Division
                               United States Department of Justice
17                             P.O. Box 7611
                               Washington, D.C. 20044
18                             Telephone: (415) 744-6470
                               Telecopier: (415) 744-6476

19

20

21

22

23

24

25

26

27

28

1

Dated: 8/21/07

KEITH TAKATA
Director
Superfund Division
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105

2
3
4
5
6
7
8

Dated: July 28, 2007

DUSTIN MINOR
Senior Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 26 -

1   THE UNDERSIGNED PARTY enters into this Consent Decree, relating to

2   the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3   Valley Operable Unit.

4

5                                   FOR THE STATE OF CALIFORNIA
                                    DEPARTMENT OF TOXIC
6                                   SUBSTANCES CONTROL

7

8   Dated: 7/12/07

9   THOMAS COTA
    Chief, Southern California
10  Cleanup Operations Branch
    Cypress Office
11  5796 Corporate Avenue
    Cypress, CA 90630
12

13

14

15

16  Dated: 7-16-07

17  ANN RUSHTON
    Deputy Attorney General
18  Environment Section
    California Department of Justice
19  300 South Spring Street
    Los Angeles, California  90013

20

21

22

23

24

25

26

27

28

-27-

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR MACKLANBURG-DUNCAN
COMPANY OF CALIFORNIA, INC.

Dated: _____

LOREN PLOTKIN
President
Macklanburg-Duncan Company
of California, Inc.
P.O. Box 25188
Oklahoma City, OK 73125-0188
Telephone: 405-528-4411
Telecopier: 405-557-3749

Name and address of agent authorized
to receive service of process pursuant to
Paragraph 37:

_____

_____

_____

_____

_____

_____

- 28 -

1       THE UNDERSIGNED PARTY enters into this Consent Decree, relating to

2   the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3   Valley Operable Unit.

4

5                                            FOR EXIDE TECHNOLOGIES, INC.

6   Dated: _5 / 23 / 2007_

7                               MARK W. CUMMINGS

8                               Vice President - Global
                            Environmental,Health & Safety

9                               Exide Technologies, Inc.
                            13000 Deerfield Parkway, Building 200

10                              Alpharetta, GA  30004-8532
                            Telephone: (678) 566-9280

11                              Telecopier: (678) 566-9638

12                              Name and address of agent authorized
                            to receive service of process pursuant to

13                              Paragraph 37:

14

15                              William W. Groves, Assistant General

16                              Counsel and Assistant Secretary

17                              Exide Technologies

18                              13000 Deerfield Parkway, Building 200

19                              Alpharetta, GA  30004 - 8532

20

21

22

23

24

25

26

27

28                         29

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR YORT, INC.
(f/k/a TROY LIGHTING, INC., successor to TRAKLITING, INC.) and
JJI LIGHTING GROUP, INC.

Dated: 4/23/07

JAMES F. HAWORTH
President and General Manager
JJI Lighting Group, Inc.
11500 Melrose Avenue
Franklin Park, Illinois 60131
Telephone: 847-916-8100
Telecopier: 847-455-0954

Name and address of agent authorized to receive service of process pursuant to Paragraph 37:

_____

_____

_____

_____

_____

_____

29

1  THE UNDERSIGNED PARTY enters into this Consent Decree, relating to

2  the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3  Valley Operable Unit.

4                                              FOR TROPICANA PRODUCTS, INC.

5  Dated: 6/14/07

6                                              LARS S. JOHNSON
                                               Assistant Secretary
7                                              Tropicana Products, Inc.
                                               c/o Pepsico Foods and Beverages
8                                              555 West Monroe Street
                                               Mail Code 11-12
9                                              Chicago, Illinois 60661
                                               Telephone: 312-821-2407
10                                             Telecopier: 312-821-1316

11

12                                             Name and address of agent authorized
                                               to receive service of process pursuant to
13                                             Paragraph 37:

14                                             C.T. CORPORATION

15                                             208 S. LaSalle,

16                                             Suite 814

17                                             Chicago, IL   60604

18

19

20

21

22

23

24

25

26

27

28

-30-

1       **THE UNDERSIGNED PARTY** enters into this Consent Decree, relating to

2 the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3 Valley Operable Unit.

4

5                         FOR TEXTRON, INC.

6

7 Dated: 4/10/07

8                         JAMIESON SCHIFF
                        Assistant General Counsel

9                         Textron Inc.
                        40 Westminster Street 15th Floor

10                         Providence, RI 02903
                        Telephone: 401-457-2422
                        Telecopier: 401-457-2460

11

12                         Name and address of agent authorized

13                         to receive service of process pursuant to
                        Paragraph 37:

14

15                         Patricia Bisshopp

16                         Textron Inc

17                         40 Westminster St

18                         Providence RI

19                         02903

20

21

22

23

24

25

26

27

28

1       **THE UNDERSIGNED PARTY** enters into this Consent Decree, relating to

2  the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3  Valley Operable Unit.

4

5                           FOR CREFTCON INDUSTRIES

6  Dated: *4-12-07*

7                         MARY BUTLER

8                         President
                              Creftcon Industries

9                         900 Ajax Avenue
                              City of Industry, CA 91749

10                       Telephone: 626-964-6531
                              Telecopier: 626-964-3964

11

12                       Name and address of agent authorized
                              to receive service of process pursuant to

13                       Paragraph 37:

14

15                         _____

16                         _____

17                         _____

18                         _____

19                         _____

20                         _____

21

22

23

24

25

26

27

28

- 32 -

1    THE UNDERSIGNED PARTY enters into this Consent Decree, relating to

2  the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3  Valley Operable Unit.

4

5                              FOR GREAT LAKES CHEMICAL CORPORATION
                              (successor in interest to Hydrotech Chemical Company)

6

7

8  Dated: _____

9                              Barry J. Shaughman
                              Vice President and Secretary

10                             Great Lakes Chemical Corporation
                              199 Benson Road

11                             Middlebury, CT 06749
                              Telephone:  203-573-2000

12                             Telecopier:  203-573-3118

13

14                             Name and address of agent authorized
                              to receive service of process pursuant to

15                             Paragraph 37:

16                             *Corporation Service Co.*

17                             *2711 Centerville Rd.*

18                             *Suite 400*

19                             *Wilmington, DE 19808*

20

21

22

23

24

25

26

27

28

                                  - 33 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR PNEUMO ABEX LLC
(successor in interest to Jensen-Kelly Corporation)

Dated: April 6, 2007

_____
Dexter Kenfield
Vice President
Pneumo Abex LLC (Successor in interest to Jensen-Kelly Corporation)
35 East 62nd Street
New York, NY 10021
Telephone: 212-572-5155
Telecopier: 212-572-5157

Name and address of agent authorized to receive service of process pursuant to Paragraph 37:

President
_____
Pneumo Abex LLC
_____
35 E. 62nd Street
_____
New York, NY  10021
_____
_____
_____

- 34 -

1   THE UNDERSIGNED PARTY enters into this Consent Decree, relating to

2   the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3   Valley Operable Unit.

4

5                              FOR RAMSER PROPERTIES

6   Dated: 4/23/07        _Harold C Ramser J._

7   Dated: 4/23/07        _Amalia F Ramser_

8

9   The Ramser Family Trust, Dated September 18, 1989
    Harold C.Ramser Jr. and Amalia F. Ramser, Co-Trustees

10  9100 Avenida La Cresta
    Murrieta, CA 92562

11  Telephone: 951-677-3978
    Telecopier: 951-698-5437

12

13  Dated: _____          _____

14

15  Dated: _____          _____

16  The Philip S. Ramser Family Trust, Dated June 29, 1989
    Philip Ramser Sr. and Patricia M. Ramser, Co-Trustees

17  1529 Lincoln Lane
    Newport Beach, CA 92661

18  Telephone: (H) 949-642-8808; (O) 949-475-4007
    Telecopier: (O) 949-475-4009

19

20  Name and address of agent authorized
    to receive service of process pursuant to

21  Paragraph 37:

22                              _____

23                              _____

24                              _____

25                              _____

26                              _____

27                              _____

28

                              - 35 -

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR RAMSER PROPERTIES

Dated: _____    _____

Dated: _____    _____

The Ramser Family Trust, Dated September 18, 1989
Harold C. Ramser Jr. and Amalia F. Ramser, Co-Trustees
9100 Avenida La Cresta
Murrieta, CA 92562
Telephone: 951-677-3978
Telecopier: 951-698-5437

Dated: 04-24-07   *Philip S Ramser*

Dated: 04-24-07   *Patricia M Ramser*

The Philip S. Ramser Family Trust, Dated June 29, 1989
Philip Ramser Sr. and Patricia M. Ramser, Co-Trustees
1529 Lincoln Lane
Newport Beach, CA 92661
Telephone: (H) 949-642-8808; (O) 949-475-4007
Telecopier: (O) 949-475-4009

Name and address of agent authorized
to receive service of process pursuant to
Paragraph 37:

_____
_____
_____
_____
_____
_____

- 35 -

(f/k/a COMMERCE CHEMICAL COMPANY)

Dated: Nov. 20, 2007

CRAIG N. THATCHER
Thatcher Company of California
(f/k/a Commerce Chemical Company)
1905 Fortune Road
PO Box 27407
Salt Lake City, UTAH 84127
Telephone: 801-972-4587  Ext. 1440
Telecopier: 801-972-4606

Name and address of agent authorized
to receive service of process pursuant to
Paragraph 37:

_____

_____

_____

_____

_____

_____

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR E.W. SMITH CHEMICAL COMPANY

Dated: 6/25/07

GAYLE D. LEWIS
Owner
E.W. Smith Chemical Company
4738 Murrieta Street
Chino, CA 91710
Telephone: (909) 590-9717
Telecopier: (909) 590-0846

Name and address of agent authorized
to receive service of process pursuant to
Paragraph 37:

Mr. Todd O. Maiden
c/o Reed Smith LLP
2 Embarcadero Center, Suite 2000
San Francisco, CA 94111-3722

-38-

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR TRIO METAL STAMPING, INC.

Dated: 6-01-07

DAMIAN E. RICKARD
Trio Metal Stamping, Inc.
President
15318 East Proctor Avenue
City of Industry, CA 91745
Telephone: (626) 336-1228
Telecopier: (626) 336-2130

Name and address of agent authorized
to receive service of process pursuant to
Paragraph 37:

Todd O. Maiden

Read Smith LLP

2 Embarcadero Center, ste. 2000

San Francisco, CA 94111

- 39 -

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR GRAY TRUST INTERESTS
(Lawrence S. Gray, Sr. Trust UDT 71180 and
Lawrence S. Gray, Jr. Separate Property Trust)

Dated: 4/22/07

G. CHRISTIAN ROUX
Weston, Benshoof, Rochefort,
Rubalcava & MacCuish
353 Hope Street 16th floor
Los Angeles, California 90071
Telephone: 213-576-1103
Telecopier: 213-576-1100

39

1      THE UNDERSIGNED PARTY enters into this Consent Decree, relating to

2 the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente

3 Valley Operable Unit.

4

5                           FOR ENVIRONMENTAL LIGHTING
                           FOR ARCHITECTURE, INC.

6

7 Dated: _5-19-07_           _Elsie H. Dahlin_

8                            ELSIE U. DAHLIN
                           President

9                            Environmental Lighting for Architecture, Inc.   17891
                           Arenth Avenue

10                            City of Industry, California
                           Telephone: (626) 965-0821

11                            Telecopier: (626) 965-9494

12

13                            Name and address of agent authorized
                           to receive service of process pursuant to

14                            Paragraph 37:

15                            _Todd O. Maiden_

16                            _Reed Smith LLP_

17                            _Two Embarcadero Center_

18                            _Suite 2000_

19                          _San Francisco, CA  94111-3922_

20

21

22

23

24

25

26

27

28

                                    - 40 -

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR OLTMANS INTEREST
(Oltmans Construction Co., Oltmans Investment Company, LLC, Moloney Investment Co., and The Hannah Co.)

Dated: 5-22-07

Oltmans Construction Co.,
a California general partnership
J.O. Oltmans II, Chairman and CEO
10005 Mission Mill Road
Whittier, CA 90601
Telephone: 562-948-4242
Fax: 562-695-2939

Dated: 5-22-07

Oltmans Investment Company LLC,
a Delaware limited liability company
J.O. Oltmans II, Chairman and CEO
10005 Mission Mill Road
Whittier, CA 90601
Telephone: 562-948-4242
Fax: 562-695-2939

Dated: 5/24/07

Moloney Investment Co.,
a California general partnership
Louanne Holland, Managing General Partner
342 Sterling Road
Kenilworth, IL 60043
Telephone: 847-251-1251
Telecopier: not applicable

Dated: 5/24/07

The Hannah Co.,
a California general partnership
Louanne Holland, Managing General Partner
342 Sterling Road
Kenilworth, IL 60043
Telephone: 847-251-1251
Telecopier: not applicable

Name and address of agent authorized
to receive service of process (continued)

- 41 -